Ronald V. De Caprio, Esq.
Law Office of Ronald V. De Caprio
65 West Ramapo Road
Garnerville, New York 10923
845-354-3212
Attorney for Creditor/Movant
  Lake Side Homes, LTD.

UNITED STATES BANKRUPTCY COURT          Return Date:  November 15, 2016
SOUTHERN DISTRICT OF NEW YORK           Return Time:  10:00 a.m.
------------------------------------------------------x
In re:

Alphonso Brown Funeral Directors, Inc.,[1]         Chapter 11
                                                   Case No. 16-23444 (RDD)
                       Debtor.
------------------------------------------------------x

## AFFIDAVIT IN SUPPORT OF MOTION OF LAKE SIDE HOMES, LTD. REQUESTING THE ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY AND WAIVING THE FOURTEEN (14) DAY STAY IMPOSED BY RULE 4001 PURSUANT TO 11 U.S.C. §§ 1112(b), 362(b)(d) AND F.R.BANKR.P. 4001

State of New York       )
                        ) ss.
County of Rockland      )

Vincent Destaso, being duly sworn, deposes and says:

A. Introduction

1. I am the President and Chief Executive Officer of Lake Side Homes, LTD., a domestic corporation duly organized and existing pursuant to the laws of the State of New York ("Lake Side").

---

[1] According to the NYS Department of State website, the correct name of the Debtor is Alphonso E. Brown Funeral Directors, Inc.

2. I am fully familiar with the facts and circumstances set forth herein.

3. I submit this affidavit in support of Lake Side's motion requesting the entry of an order:

> a. modifying the automatic stay to permit the continuation of the prosecution of a pre-petition commercial landlord-tenant summary proceeding pending before the Justice Court, State of New York, County of Rockland, Town of Clarkstown, entitled <u>Lake Side Homes, LTD. v. Alphonso E. Brown Funeral Directors, Inc.</u> pursuant to 11 U.S.C. §362(d) and F.R.Bankr.P. 4001; and
>
> b. for such other and further relief as to this Court may seem just, proper and equitable.

B.  Statements In Support of Motion

4. As you Honor may recall from an earlier case filed by this same group of persons, entitled <u>Alphonso E. Brown Funeral Director, LLC</u>,[2] Chapter 11, Case No. 16-22650 (RDD) ("Alphonso I")(Exhibit A), Lake Side is the owner of certain real property located at 201 North Route 9w, Congers, New York 10920, County of Rockland ("Commercial Property").

5. On September 15, 2016, the United States Bankruptcy Court, Southern District of New York entered an order vacating the automatic stay in Alphonso I (Exhibit A), as the automatic stay related and pertained to Lake Side, allowing for Lake Side to enforce its rights in, and remedies in and to the Commercial Property (Exhibit B). As the Court may recall, these rights included the continuation of a pre-petition commercial landlord-tenant summary proceeding that was pending in the Justice Court, State of New York, County of Rockland, Town of Clarkstown, entitled <u>Lake Side Homes, LTD. v. Alphonso E. Brown Funeral Directors, LLC et al.</u>, Case No. 16030440 ("Summary Proceeding I")(Exhibit B).

6. The Sheriff, Rockland County, scheduled the eviction of the LLC and all others in possession of the Commercial Property through the LLC, for October 25, 2016 (Exhibit C).

7. At 9:41 a.m. on October 25, 2016, the instant debtor filed this case to stall and delay the eviction (Exhibit D).

8. As your Honor may recall from Alphonso I (Exhibit A), Lake Side did not learn of the alleged tenancy of the instant Debtor, at the Commercial Property, until Alphonso E. Brown ("Mr. Brown"), the sole member of the LLC (Exhibit E), testified at the meeting of the creditors (in Alphonso I), that the LLC had sublet the entirety of the Commercial Property to the instant Debtor without the knowledge, permission and consent of Lake Side, and in violation of the plain language of the commercial written lease agreement by and between Lake Side and the LLC (Exhibits E, G). In substance, this bankruptcy filing was caused by an illegal sub-tenant of whom Lake Side was without knowledge until recently.

9. The meeting of the creditors was conducted on June 22, 2016 (Exhibit E).

10. Mr. Brown testified that the Inc. entity that is the Debtor herein was his wife's business entity (Exhibit E), and as the skeletal paperwork the instant Debtor filed indicates, it is Mr. Brown's wife who signed the material filed with the Court (Exhibit D).

11. On or about July 15, 2016, Lake Side caused a commercial landlord-tenant summary proceeding to be commenced in the Justice Court, State of New York, County of Rockland against the Debtor, entitled <u>Lake Side Homes, LTD. v. Alphonso E. Brown Funeral Directors, Inc.</u> ("Summary Proceeding II) (Exhibit F).

12. On September 22, 2016, a judgment of possession and a warrant of eviction were awarded in favor of Lake Side and against the Debtor in Summary Proceeding II. The judgment

---

[2] The actual name of that Debtor is "Alphonso E. Brown Funeral Directors, L.L.C."

3

of possession does not grant a money judgment to Lake Side; it merely awards to Lake Side the return of the possession of the Commercial Property. To date, neither the judgment of possession nor the warrant of eviction have been signed.

13. Neither the debtor in Alphonso I, nor the Debtor here, through payment to the debtor in Alphonso I, or directly to Lake Side, has paid any rent to Lake Side since months prior to the Alphonso I bankruptcy filing; and as Lake Side learned through the Alphonso I proceedings, there is actually no written lease agreement between that debtor and the instant Debtor (Exhibit E). The relationship is basically an illegal sublet via verbal agreement between a husband and a wife (Exhibit E) made without the knowledge, permission and consent of Lake Side, and in violation of Lake Side written commercial lease agreement with the debtor in Alphonso I (Exhibit G), which written commercial lease agreement was not assumed in Alphonso I (Exhibit A).

14. In Summary Proceeding II, the state court agreed with Lake Side that the Debtor is an illegal sub-tenant of the Commercial Property who's verbal agreement with the debtor in Alphonso I was void ab initio because it was made without the knowledge, permission or consent of Lake Side, who was completely blind-sided by Mr. Brown's testimony at the meeting of the creditors of the debtor in Alphonso I (Exhibit E).

15. The Sheriff, Rockland County, stayed the eviction of the debtor in Alphonso I that was scheduled for October 25, 2016 (Exhibit C), because of the instant filing, though Lake Side possesses no relationship with the instant Debtor other than that the instant Debtor has unlawfully, apparently by verbal agreement with the debtor in Alphonso I, taken possession of the Commercial Property without the knowledge, permission or consent of Lake Side.

16. At this point, numerous months have passed in which neither the debtor in Alphonso I (Exhibit A), nor the instant Debtor, has paid to Lake Side any monies for the use and occupancy of the Commercial Property, and what I am asking from this Court at this time, is that this Court not allow this conduct to continue. Lake Side must carry the mortgage, real property taxes, property insurance and utilities for the Commercial Property because neither the debtor in Alphonso I (Exhibit A), nor this Debtor, is doing so. Lake Side is also forced to maintain and preserve the Commercial Property because neither the debtor in Alphonso I (Exhibit A), nor this Debtor, is doing so.

17. Lake Side recognizes that as a matter of black letter law, this Court shall probably recognize that the two (2) debtors are different legal persons, but Lake Side asks that this Court not be blind to the reality that: (i) Lake Side was only made aware of the alleged tenant/sub-tenant relationship between these two (2) legal persons after the filing of Alphonso I (Exhibit A); and (ii) that regardless of the separate legal existences of these two (2) persons, no person is paying any monies to Lake Side for the use and occupancy of the Commercial Property.

18. The Court may ask whether any compromise may be reached; to which I respond that no person acting with any capacity/authority has offered a compromise to Lake Side, which in substance is because neither the debtor in Alphonso I (Exhibit A), nor this Debtor, possesses any value, and to one's naked eye that passes by the Commercial Property, neither is generating any positive cash flow, if generating any revenue at all, which too, is doubtful. Lake Side has monitored the Commercial Property for months/years, and has not witnessed a meaningful operation of the alleged funeral services business in all the time of the collective possession thereof by the debtor in Alphonso I and this Debtor.

19. The Commercial Property is a single lot, and to the extent no person is paying Lake Side the fair value for the use and occupancy of the Commercial Property, Lake Side continues to be financially harmed by the non-payment.

20. I thank you for your consideration, and I request that the relief sought by Lake Side be granted.

                                                Lake Side Homes, LTD.

                        By:   _____
                                  Vincent Destaso, President
                                  and Chief Executive Officer

STATE OF NEW YORK    )
                             )   ss:
COUNTY OF ROCKLAND )

On the 27th day of October 2016, before me, the undersigned, a notary public in and for the State of New York personally appeared Vincent Destaso, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity in that by his signature on the instrument the individual or the person upon behalf of which the individual acted, executed the instrument.

Sworn to before me this 27th day of October, 2016.

_____
NOTARY PUBLIC

KIMBERLY A. McINTYRE
Notary Public, State of New York
No. 01MC6172911
Qualified in Rockland County
Commission Expires Aug. 20, 2019